JOSEPH A. HEARST (SBN 130284)
1569 Solano Ave. #525
Berkeley, CA  94707
Tel.: (510) 528-6863
Fax: (510) 280-2556
jahearst@pacbell.net

Attorney for Plaintiff METABYTE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METABYTE, INC., | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| META PLATFORMS, INC. and DOES 1-25, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COMPLAINT**

## I.        JURISDICTION AND VENUE

1.  This Court has jurisdiction over this complaint, which seeks remedies for trademark infringement and unfair competition, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). Trademark infringement in violation of California's common law vests jurisdiction in this Court by virtue of 28 U.S.C. §§ 1338(b) and 1367(a).  This complaint also raises a federal question pursuant to 28 U.S.C. § 1331 and the amount in controversy exceeds $75,000.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2.  Venue is appropriate in this District because plaintiff Metabyte, Inc. is a resident of this District with its principal place of business in Fremont, California.

3.  Personal jurisdiction and venue are proper in this District as to defendant Meta Platforms, Inc. ("Meta"), which has its principal place of business in Menlo Park, California, within this District.

## II.       INTRADISTRICT ASSIGNMENT

4.  This lawsuit should be assigned to the Oakland Division of this Court because a significant portion of the events involved took place in Fremont, which is close to Oakland.

## III.      INTRODUCTION

5.  Plaintiff alleges as to its own actions based on its own knowledge, and on information and belief as to the actions of the defendants, as follows.

6.  At all times relevant to this complaint, plaintiff Metabyte, Inc. was and is a corporation organized under the laws of California, with its principal place of business in Fremont, California.

7.  Defendant Meta Platforms, Inc. ("Meta") is a multinational corporation with its principal place of business in Menlo Park, California.

8.  Plaintiff is currently unaware of the names and capacities of the defendants sued herein as DOES 1 to 25 inclusive and therefore sues them pursuant to fictitious names.  Plaintiff will seek leave to amend the complaint to allege their true names and capacities when such information becomes available.  Plaintiff is informed and believes, and thereupon alleges, that each of the

COMPLAINT                                                                                          1

1    defendants designated herein as a "Doe" is legally responsible in some manner for the events

2    and happenings herein referred to, and legally caused damages to Plaintiff as hereinafter alleged.

3    9.  Each of the defendants was an agent, servant, employee, partner, associate and/or joint venturer

4        of the other defendants herein named.  At all times herein mentioned, each of said defendants

5        was acting within the course, purpose and/or scope of said agency, service, employment,

6        partnership, association and/or joint venture, and each defendant has ratified and approved the

7        acts of his/her/its agent(s), employee(s), partner(s), associate(s) and/or joint venturer(s).

8    **IV.    FACTS COMMON TO ALL CAUSES OF ACTION**

9    10. Metabyte is a technology services and staffing company which has been doing business under

10       the name Metabyte, Inc. since 1993.  It has possessed registrations for the mark "Metabyte" (in

11       standard characters without claim to any particular font, style, size or color) with the United

12       States and Patent and Trademark Office (USPTO) in classes 35 and 42 since 2014 (Registration

13       No. 4465720).  A true and correct copy of Registration No. 4465720 is attached hereto as

14       Exhibit A and incorporated herein by reference.  Metabyte has used the Metabyte mark

15       continuously in commerce since at least 1993, and has had the exclusive right to use the mark in

16       United States commerce since 2014.  A listing of the categories of goods and services covered

17       by Metabyte's registration is a part of Exhibit A.

18   11. Meta operated for many years under the name Facebook, Inc.  On October 28, 2021, Facebook,

19       Inc. announced its corporate rebranding to Meta Platforms, Inc.  Meta now offers the products

20       and services once offered under its well-known brands such as Facebook, Instagram and

21       WhatsApp.  Since October 2021, Meta has promoted the mark "Meta" and marks that

22       incorporate the word "Meta," such as Meta Quest and Meta Portal.  In connection with the

23       rebranding, Meta has filed applications for registration of the word "Meta," which are now

24       pending.

25   12. Meta has been aware of Metabyte's prior use of the Metabyte mark since well before it

26       announced its corporate rebranding.

27   13. The goods and services Meta offers overlap strongly with those of Metabyte.  Both plaintiff and

28       defendant are in the business of offering computer software services and SaaS (Software as a

**COMPLAINT**                                                                                      **2**

Service). Many of the goods and services offered by Meta are similar to those offered by Metabyte. Meta offers such services in overlapping geographic areas with Metabyte while employing similar sales channels.

14. Metabyte has a history of doing a broad range of technical innovations and bringing them to market as services or products. Over the course of its 30 years of being in business, some examples of Metabyte's services include software development services, consulting, website design and hosting services, e-commerce software and SaaS services, peer networking and on-line marketplace services, virtual reality products, and virtual reality software services, online job advertising services, reposting of advertisements to other websites, and much more. As markets and trends changed, Metabyte adapted, and continues to do so. Metabyte's services are sold throughout the United States and in some foreign countries. The sales channels used by Metabyte include in-person, telephone, and online marketing.

15. Meta has recognized the likelihood of confusion where a mark incorporates the word "Meta," even if the mark contains other elements.  Thus, Meta has opposed registration of the marks "Metafans" (in opposition to Application No. 97097612) and "Metastreet" (in opposition to Application No. 97264453), among others.  Meta has claimed that these marks are similar in sight, sound and commercial impression to its "Meta" marks.  By the same token, the "Meta" marks are highly similar in sight, sound and commercial impression to "Metabyte."

16. The difference between "Meta" and "Metabyte" is insignificant and use of the Meta mark would be likely to confuse the consuming public.

17. Notwithstanding Metabyte's prior rights, Meta has filed at least the following applications to register the word mark "Meta": Application Serial No. 97202614 (the "Class 35 Application") and Application Serial No. 97202623 (the "Class 42 Application").  Meta's Applications filed with the USPTO on January 4, 2022 are based on applications originally filed in Jamaica on July 8, 2021. Both applications are now pending with the USPTO.

18. Meta has also filed the following applications to register the logo " ∞ Meta ": Application

Serial No. 97202640 (the "Class 35 Logo Application") and Application Serial No. 97202654

(the "Class 42 Logo Application").  Meta's Applications filed with the USPTO on January 4,

2022 are based on applications originally filed in Jamaica on October 5, 2021. Both applications

are now pending with the USPTO.

19. Metabyte's mark has clear priority over Meta's.  Metabyte's registration of the "Metabyte"

mark in January 2014 precedes the claimed first use of the mark by Meta of the "Meta" mark by

more than seven years, and Metabyte's first use of its mark in commerce precedes the claimed

first use of Meta's marks by 28 years.

20. The minor and insignificant distinction between "Meta" and "Metabyte" means that there is a

grave danger of confusion in the mind of the public.  "Meta" is a commonly used prefix in the

technology industry, where formative words have been added to create unique trademarks such

as Metabyte, Metacafe, Metashot, MetaX, and more. Meta's use of "Meta" in and of itself is

dangerous and cavalier.

21. Metabyte and Meta have been engaged in discussions about ways to coexist in the marketplace

and to allow both parties to use their respective marks.  Those talks have recently broken down,

and Meta has informed Metabyte that it intends to continue to use and, in some instances, seek

federal registration of, its various "Meta" marks.

## V.      FIRST CAUSE OF ACTION—REGISTRATION INFRINGEMENT IN VIOLATION OF THE LANHAM ACT.

22. Metabyte realleges and incorporates herein by this reference each of the allegations contained in

the previous paragraphs as though fully set forth herein.

23. At all relevant times, Metabyte has provided notice pursuant to 15 U.S.C. § 1111 that the

Metabyte mark is registered.

24. Meta's acts complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114 *et seq.*

## VI.    SECOND CAUSE OF ACTION—VIOLATION OF § 43(a) OF THE LANHAM ACT

25. Metabyte realleges and incorporates herein by this reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

26. Meta's ongoing infringement, expanding product lines and marketing have infringed Metabyte's mark, competed unfairly with Metabyte and traded upon Metabyte's goodwill and business reputation by suggesting that the products and services Metabyte offers are actually offered by Meta through the use of the confusingly similar "Meta" mark.

27. Meta is making false and misleading representations by engaging in commercial advertising using trademarks and promotional materials which are virtually identical and/or confusingly similar to Metabyte's registered mark.

28. Meta is using in commerce false designations of origin, false and misleading descriptions of fact or false and misleading representations of facts which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Meta with Metabyte and as to the origin, sponsorship or approval of Meta's goods and services by Metabyte.

29. Meta's actions complained of herein constitute a violation of 15 U.S.C. § 1125(a).

## VII.    THIRD CAUSE OF ACTION—STATE COMMON LAW TRADEMARK INFRINGMENT

30. Metabyte realleges and incorporates herein by this reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

31. Meta's acts complained of herein constitute infringement under the common law of the state of California and the common law of the several states.

## VIII.    FOURTH CAUSE OF ACTION—STATE COMMON LAW UNFAIR COMPETITION

32. Metabyte realleges and incorporates herein by this reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

33. Meta's acts complained of herein constitute unfair competition under the common law of the state of California of the common law of the several states.

## IX.   FIFTH CAUSE OF ACTION—VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.

34. Metabyte realleges and incorporates herein by this reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

35. The practices by Technicolor described herein are unlawful, or unfair, or fraudulent.  These actions are unlawful under California Business and Professions Code section 17200.

36. Metabyte has been damaged by Meta's actions as described herein and, under section 17200, Metabyte is entitled to disgorgement of the profits of Meta through its use and promotion of the "Meta" mark, and to injunctive relief to enjoin Meta from further unlawful, unfair or fraudulent acts, and attorneys' fees.

## X.   SIXTH CAUSE OF ACTION—DECLARATORY RELIEF.

37. Metabyte realleges and incorporates herein by this reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

38. There is a presently-existing controversy between Metabyte and Meta in that Metabyte contends that Meta's use of "Meta" as a mark is likely to cause confusion with Metabyte's registered mark, while Meta contends there is no likelihood of confusion.

39. Metabyte therefore requests that the Court declare that Meta's "Meta" mark infringes on Metabyte's registered mark pursuant to each of the statutes and other laws previously named.

## XI.   PRAYER

WHEREFORE, Metabyte prays for relief as follows:

40. That Meta and its agents, servants, employees, attorneys, successors and assigns and all persons acting in concert or participation be enjoined and restrained preliminarily and permanently from using the mark "Meta" or colorable imitations thereof, alone or in combination, or with a word or words, or from using any mark that is confusingly similar to "Metabyte."

41. That this Court declare that use of the "Meta" mark by Meta is likely to cause confusion between Metabyte and Meta.

COMPLAINT                                                                                          6

42. As a result of the actions of Meta described herein, Metabyte is entitled to damages according to proof, to injunctive relief, to attorneys' fees and such other and further relief as the court may deem just and proper.

43. Plaintiff demands a jury as to all issues properly so tried.

Dated: September 22, 2023                                    By: /s/ Joseph A. Hearst
                                                            Attorney for plaintiff Metabyte, Inc.

# United States of America

## United States Patent and Trademark Office

# Metabyte

**Reg. No. 4,465,720**

**Registered Jan. 14, 2014**

**Int. Cls.: 35 and 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**



**Deputy Director of the United States
Patent and Trademark Office**

METABYTE, INC. (CALIFORNIA CORPORATION)
SUITE 200
39350 CIVIC CENTER DRIVE
FREMONT, CA 94538

FOR: BUSINESS MANAGEMENT CONSULTANCY AS WELL AS DEVELOPMENT OF PROCESSES FOR THE ANALYSIS AND THE IMPLEMENTATION OF STRATEGY PLANS AND MANAGEMENT PROJECTS; OUTSOURCING SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-22-1993; IN COMMERCE 7-27-1993.

FOR: BUSINESS TECHNOLOGY SOFTWARE CONSULTATION SERVICES; COMPUTER PROJECT MANAGEMENT SERVICES; COMPUTER SOFTWARE CONSULTANCY; COMPUTER SOFTWARE CONSULTING; COMPUTER SOFTWARE DEVELOPMENT; COMPUTER SOFTWARE DEVELOPMENT AND COMPUTER PROGRAMMING DEVELOPMENT FOR OTHERS; CONSULTING IN THE FIELD OF IT PROJECT MANAGEMENT; DESIGN AND DEVELOPMENT OF COMPUTER SOFTWARE; DEVELOPING COMPUTER SOFTWARE; INFORMATION TECHNOLOGY CONSULTING SERVICES; RESEARCH SERVICES IN THE FIELD OF INFORMATION AND TELECOMMUNICATIONS TECHNOLOGY; TECHNICAL CONSULTING SERVICES IN THE FIELDS OF DATACENTER ARCHITECTURE, PUBLIC AND PRIVATE CLOUD COMPUTING SOLUTIONS, AND EVALUATION AND IMPLEMENTATION OF INTERNET TECHNOLOGY AND SERVICES; TECHNOLOGICAL PLANNING AND CONSULTING SERVICES IN THE FIELD OF COMPUTER SOFTWARE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-22-1993; IN COMMERCE 7-27-1993.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-948,552, FILED 6-3-2013.

ELIZABETH JACKSON, EXAMINING ATTORNEY

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.