COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400
Facsimile:    (310) 883-6500

JUDD LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| METABYTE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 3:23-cv-04862-VC<br><br>**DEFENDANT META PLATFORMS INC.'S ANSWER TO AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY INJUNCTIVE RELIEF**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendant Meta Platforms, Inc. ("Meta"), by and through counsel, hereby responds to the Amended Complaint for Damages and Declaratory and Injunctive Relief ("FAC") filed by Plaintiff Metabyte, Inc. ("Plaintiff"). Unless specifically admitted, Meta denies each of the allegations in the FAC.

## I. JURISDICTION & VENUE

1. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is deemed required, Meta admits that this action purports to arise under the Lanham Act and California state law, and that the Court has original subject matter jurisdiction over the Lanham Act claims, and supplemental jurisdiction over the California state law claims, provided that standing and other requirements are met. Meta denies that the Court has jurisdiction over Plaintiff's declaratory claims seeking cancellation of Meta's pending intent-to-use applications to register the META mark in Classes 35 and 42.

2. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is deemed to be required, Meta admits that venue is proper in this District. However, Meta denies that venue is proper in this District based solely on where Plaintiff says it has its principal place of business. Meta otherwise lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's principal place of business, and on that basis denies the same.

3. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Meta admits that this Court has personal jurisdiction over it with respect to the instant action.

## II. INTRADISTRICT ASSIGNMENT

4. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Meta admits that Fremont is approximately 26 miles from Oakland (and approximately 17 miles from San Jose). As the case was assigned to the San Francisco division, this allegation is moot. Meta otherwise denies the remaining allegations in paragraph 4.

COOLEY LLP
ATTORNEYS AT LAW

META'S ANSWER TO
AMENDED COMPLAINT
3:23-CV-04862-VC

## III. INTRODUCTION

5. The allegations in this paragraph do not require a response, but to the extent they do, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and on that basis denies the same.

6. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, and on that basis denies the same.

7. Meta admits that it is a company that has offices in multiple countries around the world.

8. Meta denies that Plaintiff's rights have been violated and that Plaintiff has suffered damages, and therefore also denies that any particular person or entity is responsible for the same. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8, including the alleged identity or involvement of "Doe" defendants, and on that basis denies the same.

9. Meta denies the allegations in paragraph 9.

## IV. ALLEGED FACTS COMMON TO ALL CAUSES OF ACTION

10. Meta admits that according to publicly accessible records on file with the United States Patent & Trademark Office ("USPTO"), Plaintiff is listed as the registrant of U.S. Reg. Nos. 4465720 and 4465722 for, respectively, METABYTE as a word mark and in stylized form, both having a registration date of January 14, 2014 and covering services in Classes 35 and 42. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the document identified as Exhibit 1 to the FAC, Meta refers to the document for its contents. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10, and on that basis denies the same.

11. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and on that basis denies the same.

12. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12, and on that basis denies the same.

13. Meta admits that according to publicly accessible records on file with the USPTO, Metabyte is listed as the applicant of U.S. Application Serial No. 97456656, which lists services in Classes 35 and 42 and was filed on June 14, 2022. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the document identified as Exhibit 2 to the FAC, Meta refers to the document for its contents. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13, and on that basis denies the same.

14. Meta admits that it provides services throughout the United States and in much of the world. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 relating to Plaintiff's business, and on that basis denies the same.

15. Meta admits that it underwent a corporate re-branding to "Meta" in late October 2021, and that Meta is the parent company to a number of well-known brands, including those listed in paragraph 15. Meta admits that it has introduced and continues to introduce new products, including products that bear the META brand. Meta further admits that it has filed trademark applications with the USPTO to register various trademarks, including trademarks for the META word mark and META logo. Meta otherwise denies the remaining allegations in paragraph 15.

16. Meta admits that it offers particular types of computer and SaaS services over the internet. Meta denies that its goods and services "overlap strongly" with those of Plaintiff. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16, and on that basis denies the same.

17. Meta denies that it "saturated the market with a mark that is similar to Metabyte, and is likely to create 'reverse confusion'" or the other argumentative statements in paragraph 17. Meta otherwise lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17, and on that basis denies the same.

18. Meta admits that it filed administrative oppositions with the USPTO against Application Nos. 97097612 and 97264453 for the marks METAFANS and METASTREET, respectively, and that it has in the past filed oppositions against other trademarks applications that

include the term "META" and which cover certain goods and services. Meta refers to its trademark oppositions for the contents of those pleadings and what it alleged. Meta denies the remaining allegations in paragraph 18, including the argument that Meta's mark is "highly similar in sight, sound, and commercial impression to 'Metabyte.'"

19. This paragraph contains an alleged statement of the law and legal conclusion to which no response is required. To the extent that a response is deemed required, Meta denies Plaintiff's characterization of the law. Meta denies the remaining allegations in paragraph 19.

20. Meta denies the allegations in paragraph 20.

21. Meta denies that Plaintiff is entitled to "control" over the "nature and quality of the goods and services that are to be offered by Meta." Meta further denies the remaining arguments and allegations in paragraph 21.

22. Meta denies that customers of both parties are "unlikely to realize that there is a distinction between Meta and Metabyte." Meta admits Plaintiff's allegation that sophisticated enterprises would understand and perceive a difference between the parties. Meta otherwise denies the remaining arguments and allegations in paragraph 22.

23. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 relating to Plaintiff's business plans and on that basis denies those allegations. Meta otherwise denies the remaining allegations in paragraph 23.

24. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis denies the same.

25. Meta admits that it is a leader in the field of virtual reality and the metaverse. Meta further admits that Metabyte stopped selling hardware products. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25, and on that basis denies the same

26. Meta denies Plaintiff's suggestion that the METABYTE mark is relevant to Meta's trademark applications. Meta admits the remaining allegations in paragraph 26 relating to the filing dates and certain specifics of two of Meta's pending trademark applications. Meta refers to the trademark filings for their contents.

27. Meta admits the allegations in paragraph 27. Meta refers to the trademark filings for their contents.

28. This paragraph includes a legal conclusion to which no response is required. To the extent one is required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28, and on that basis denies the same.

29. Meta denies any allegation that it is "creating reverse confusion." Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Meta is "magnitudes" larger than Metabyte, and on that basis denies the same. Meta refers to its trademark filings for their contents, including what services were identified in the intent-to-use applications referenced in paragraph 29. Meta denies the remaining allegations in paragraph 29.

30. This paragraph includes legal conclusions to which no response is required. To the extent one is required, Meta denies the allegations in paragraph 30.

31. Meta admits that, in the context of a digital photo, the term "metadata" may refer to location and date information stored within a file for the image. Meta further admits that, in the context of HTML and XHTML, the term "meta tags" may refer to text with the code that refer to a website's content. Meta also admits that the term "metaverse" can be used to refer to a virtual or digital world where users can interact with each other and digital environments. Meta refers to the Merriam Webster dictionary for any definition that publication has ascribed to the term "meta." Meta denies the allegations that it is using "Meta" "generically" for any goods or services. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31, and on that basis denies the same.

32. Meta denies that its META trademark does not function, and is not functioning, as a source identifier in connection with any of Meta's goods and services, including those covered by Meta's intent-to-use trademark applications in Classes 35 and 42. The remaining allegations in paragraph 32 are legal conclusions or argument to which no response is required. To the extent a response is required, Meta denies the remaining allegations.

33. Meta denies the allegations in paragraph 33.

COOLEY LLP
ATTORNEYS AT LAW

META'S ANSWER TO
AMENDED COMPLAINT
3:23-CV-04862-VC

34. Meta admits that it sometimes uses the term "meta" in a non-trademark manner, for example, when using the term "meta data." Meta denies that this allegation is relevant to Plaintiff's assertion that META is "generic" as applied to any of Meta's goods and services. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the document identified as Exhibit 7 to the FAC, Meta refers to that document for its contents. Meta denies the remaining allegations in paragraph 34.

35. Meta denies Plaintiff's allegation that Meta's trademark is generic. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegation that search of the USPTO database reveals many hundreds of registered trademarks that use "meta" as a part of the mark, and on that basis denies the same. The remaining allegations in paragraph 35 are legal conclusions or argument to which no response is required.

36. Meta denies the allegations in paragraph 36.

37. Meta denies the allegations in paragraph 37.

38. Meta denies that its use of its corporate logo has any relevance to Plaintiff's allegations concerning genericness. The remaining allegations in paragraph 38 are legal conclusions or argument to which no response is required. To the extent one is required, Meta denies the allegations in paragraph 38.

39. The allegations in paragraph 39 are legal conclusions or argument to which no response is required. To the extent one is required, Meta denies the factual allegations in paragraph 39.

40. This paragraph contains a legal argument or conclusion to which no response is required. To the extent one is required, Meta denies the allegations in paragraph 40.

41. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41, and on that basis denies the same.

42. The allegations in paragraph 42 include a question, to which no response is required. Meta denies the remaining allegations in paragraph 42, including any insinuation or assertion that Meta has sought or will seek to prevent fair use of the term "meta" or that Meta – the defendant in this case – is attempting to "monopolize the term 'meta.'"

43. Meta denies the allegations in paragraph 43.

44. Meta admits that the parties have had communications with one another. In communications, Meta repeatedly rejected Plaintiff's claims of infringement and explained why Meta's use and registration was not likely to cause any consumer confusion. More recently, Plaintiff threatened Meta with the prospect of amending its lawsuit and USPTO opposition to add claims that "Meta" is generic if Plaintiff's unreasonable demands were not met. Meta denies that it was unwilling to agree to co-exist with Plaintiff. Meta otherwise denies the remaining allegations in paragraph 44.

## V. FIRST CAUSE OF ACTION—REGISTRATION INFRINGEMENT IN VIOLATION OF THE LANHAM ACT

45. Meta incorporates by reference its responses to the preceding paragraphs above as though fully set forth herein.

46. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 46, and on that basis denies the same.

47. Meta denies the allegations in paragraph 47.

## VI. SECOND CAUSE OF ACTION—VIOLATION OF § 43(a) OF THE LANHAM ACT

48. Meta incorporates by reference its responses to the preceding paragraphs above as though fully set forth herein.

49. Meta denies the allegations in paragraph 49.

50. Meta denies the allegations in paragraph 50.

51. Meta denies the allegations in paragraph 51.

52. Meta denies the allegations in paragraph 52.

## VII. THIRD CAUSE OF ACTION—REQUEST FOR DECLARATION THAT THE META MARK IS GENERIC AND NON-REGISTRABLE

53. Meta incorporates by reference its responses to the preceding paragraphs above as though fully set forth herein.

54. Meta denies the allegations in paragraph 54.

55. Meta denies the allegations in paragraph 55.

COOLEY LLP
ATTORNEYS AT LAW

META'S ANSWER TO
AMENDED COMPLAINT
3:23-CV-04862-VC

**VIII. FOURTH CAUSE OF ACTION—STATE COMMON LAW TRADEMARK INFRINGEMENT**

56. Meta incorporates by reference its responses to the preceding paragraphs above as though fully set forth herein.

57. Meta denies the allegations in paragraph 57.

**IX. FIFTH CAUSE OF ACTION—STATE COMMON LAW UNFAIR COMPETITION**

58. Meta incorporates by reference its responses to the preceding paragraphs above as though fully set forth herein.

59. Meta denies the allegations in paragraph 59.

**X. SIXTH CAUSE OF ACTION—VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**

60. Meta incorporates by reference its responses to the preceding paragraphs above as though fully set forth herein.

61. Meta denies the allegations in paragraph 61.

62. Meta denies the allegations in paragraph 62.

**XI. SEVENTH CAUSE OF ACTION—DECLARATORY RELIEF**

63. Meta incorporates by reference its responses to the preceding paragraphs above as though fully set forth herein.

64. Meta admits the allegations in paragraph 64 that there is a dispute between the parties.

65. Paragraph 65 is a request to the Court, to which no response is required. To the extent that a response is deemed required, Meta denies that Plaintiff is entitled to the requested relief.

**XI. PRAYER**

66. Meta denies that Plaintiff is entitled to relief whatsoever, including but not limited to the relief sought in paragraph 66. To the extent that this paragraph contains any allegations, Meta denies the same.

67. Meta denies that Plaintiff is entitled to relief whatsoever, including but not limited to the relief sought in paragraph 67. To the extent that this paragraph contains any allegations, Meta denies the same.

68. Meta denies that Plaintiff is entitled to relief whatsoever, including but not limited to the relief sought in paragraph 68. To the extent that this paragraph contains any allegations, Meta denies the same.

69. Meta denies that Plaintiff is entitled to relief whatsoever, including but not limited to the relief sought in paragraph 69. To the extent that this paragraph contains any allegations, Meta denies the same.

70. Paragraph 70 is a demand for a jury trial, to which no response is required.

## AFFIRMATIVE DEFENSES

Meta asserts that Plaintiff's claims are barred, in whole or in part, by the defenses set forth herein. By setting forth these defenses, Meta does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

Meta reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief can be granted because (1) through its admissions in the FAC, Plaintiff has conceded that it has no rights to enforce against Meta's use of META; (2) Plaintiff cannot plead any plausible claim for damages; (3) the allegation that "Meta" is generic for services listed in Meta's intent-to-use trademark applications in Classes 35 and 42 is implausible; and (4) the allegations that "Meta" is generic for the "broader software industry" and/or "broader internet industry" are likewise insufficiently plead and implausible. For these reasons, the FAC should be dismissed on its face.

## SECOND AFFIRMATIVE DEFENSE

Following Meta's announcement on October 28, 2021 that it would change its corporate parent name from Facebook to Meta, Plaintiff has (unsuccessfully) taken steps to deliberately induce consumer confusion by expanding the scope of its offerings and in trademark filings in an

attempt to bring them into proximity with Meta's offerings. For example, following Meta's name change Plaintiff began to promote a "VR headset" product on its website under the METABYTE trademark. On information and belief, Metabyte's recent promotion of the VR headset was a token use. Accordingly, any claim of infringement is barred by the doctrine of unclean hands and Plaintiff is not entitled to any equitable relief, including but not limited to injunctive relief.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was on actual and/or constructive notice of Meta's adoption and use of the META trademark by October 28, 2021. Since that time, Meta has invested in its new corporate name and created products and services bearing that name. Still, Plaintiff waited over two years to file a complaint. Plaintiff's claims are barred by laches because it delayed in asserting its purported trademark rights, and if Plaintiff is allowed to enforce those rights now, after such delay, it would cause Meta significant economic and evidentiary prejudice.

### FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction under 15 U.S.C. § 1119 to declare that Meta's pending intent-to-use applications for the META trademark in Classes 35 and 42 are invalid. First, on the one hand, Plaintiff cannot allege both that the META trademark is infringing its rights and causing a likelihood of reverse confusion, and that it is generic and free for all to use on the other hand. However, absent Plaintiff's infringement claim, there is no "action involving a registered mark" such that the Court the court may determine Meta's right to registration of the META mark. Further, Plaintiff's request that the Court adjudicate that "Meta" is generic in Classes 35 and 42 is tantamount to an advisory opinion, which is improper.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts rights to the METABYTE mark in Class 9 based on its use on "headsets," such rights were abandoned well before Meta adopted the META name and trademark.

COOLEY LLP
ATTORNEYS AT LAW

META'S ANSWER TO
AMENDED COMPLAINT
3:23-CV-04862-VC

## SIXTH AFFIRMATIVE DEFENSE

The Court should decline to exercise declaratory jurisdiction over the Seventh Cause of Action seeking declaratory relief of "likelihood of confusion" as it is merely repetitive of Plaintiff's affirmative trademark claims.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing for its allegations on behalf of "other …companies" (*see, e.g.* paragraph 43) or to seek the relief it is requesting in its Prayer for Relief.

## JURY TRIAL DEMANDED

To the extent any claims proceed to trial, Meta demands a trial by jury on all issues and claims that are triable to a jury.

## PRAYER FOR RELIEF

Wherefore, Meta prays for relief as follows:

1. That the FAC be dismissed, with prejudice, in its entirety.

2. That Plaintiff take nothing by this action and that judgment be entered against Plaintiff and in favor of Meta.

3. That Meta be found the prevailing party and awarded their reasonable attorneys' fees and costs incurred in defending this action pursuant to 15 U.S.C. § 1117(a).

4. That Meta be granted such other and further relief as the Court may deem just and proper.

Dated: January 19, 2024        COOLEY LLP

By: _____
Bobby Ghajar
Judd Lauter
Colette Ghazarian

Attorneys for Defendant
META PLATFORMS, INC.