[counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| METABYTE, INC., | Lead Case No. 3:23-cv-04862-VC |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |
| META PLATFORMS, INC., | |
| Defendant. | Trial Date:         None<br>Date Action Filed:   July 7, 2023 |

Pursuant to Rule 26(f)(2), Civil Local Rule 16-9(a), and ECF No. 61, Plaintiff Metabyte, Inc. ("Metabyte" or "Plaintiff") and Defendant Meta Platforms, Inc. ("Meta" or "Defendant") hereby submit this Joint Rule 26(f) Report and Case Management Statement in advance of the Case Management Conference scheduled for March 22, 2024. Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on February 29, 2024 during which the parties, by and through their undersigned counsel, met and conferred concerning the topics set forth in Rule 26(f), the United States District Court for the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and Guidelines for the Discovery of Electronically Stored Information, and the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement.

**A.     Jurisdiction & Service**

The Parties agree that this Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 28 U.S.C. §§ 1331, 1338(b) and 1367(a) and supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367.  Defendant disputes that the Court has subject matter jurisdiction over Plaintiff's declaratory claims seeking invalidation of Defendant's pending intent-to-use applications to register the META mark in Classes 35 and 42.

Defendant does not challenge personal jurisdiction.  No parties remain to be served.

**B.     Facts and Legal Issues**

Plaintiffs' Statement:

On information and belief, Defendant has used each of Plaintiff's Trademarks, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of Defendant's brand "Meta" as depicted on Defendant's websites and third party websites, within the United States, all without authorization or license from Plaintiff within the United States.

Plaintiff has been in business with its trademarks for the last 30 years, and has possessed registrations for the mark "Metabyte" (in standard characters without claim to any particular font, style, size or color) with the United States and Patent and Trademark Office (USPTO) in

classes 35 and 42 since 2014 (Registration No. 4465720) and has used the logo Metabyte since

1993 and has registered that logo, registration number 4465722 (in style and not claiming any

color) in classes 35 and 42, with a registration date of January 14, 2014.  In that time, Plaintiff

has been providing goods and services to several industries, including software, computer,

medical, pharmaceutical, banking, telecommunications, manufacturing, television, virtual reality,

internet and more, and its mark is widely recognized in consumer, small business, and enterprise

markets.  Plaintiff's lifetime sales have surpassed $100 million.

In contrast, Defendant started using its alleged mark META around 2 years ago.  It

started as a company name change from Facobeek to Meta Platforms, but has progressively

increased to refer itself to "Meta" alone. META is confusingly similar to Plaintiff's trademark

METABYTE while they operate in overlapping markets using similar sales channels.  Meta is

overwhelming Metabyte, initially by adopting the first half of Metabyte's name, and now

introducing additional trademarks with Meta as a prefix, such as Meta Quest, Meta Portal, Meta

Pay, Meta Gaming, Meta Open Source, Meta Business Partner, Meta Audience Network, Meta

Blue Print, Meta View, Meta Spark, Meta Boost, and more. Plaintiff is being severely harmed

through reverse confusion by Defendant's actions.  Reverse confusion is a subtle injury where

Meta is forcing Metabyte to lose control over its goodwill, reputation, corporate identity, and is

hindering Metabyte's ability to freely conduct business or move into new markets.  As a lame

justification of its egregious acts, Defendant has been trying to box Plaintiff into providing only

technology consulting, staffing, and outsourcing services while attempting to ignore the social

aspects of Plaintiff's business such as "PenPals" making websites for small businesses, and

"peers" rating each other's skills for employment purposes. Defendant has also been attempting

to downplay Plaintiff being a pioneer in virtual reality having sold virtual reality eyewear

decades before Defendant. As such, Defendant has committed trademark infringement in

violation of the Lanham Act and Defendant has violated section 43(a) of the Lanham Act.  For

the same reasons, Defendant has also committed state common law trademark infringement, state

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

common law unfair competition and violated California business and professions code section 17200.

Plaintiff and Defendant have multiple ongoing TTAB proceedings in which they are at odds. However, this does not prevent the Court from weighing in. Indeed, district courts have jurisdiction over the TTAB.

Plaintiff spent more than 1.5 years after Defendant's name change trying to negotiate with Defendant on these matters. However, Defendant was not amenable to any kind of resolution, and Plaintiff came to believe that Defendant was stringing Plaintiff along, so Plaintiff eventually felt forced to file the instant lawsuit. Therefore, there was not a delay of 2 years, but rather that time was spent trying to negotiate with Defendant.

Furthermore, the word "meta" defines key aspects of the goods and services of Defendant's genera of goods and services, such as digital advertising, and is used as a common prefix in numerous products, businesses and services. Therefore, Plaintiff requests a declaration that the "Meta" mark is generic and non-registerable in such generas. On all the charges above Plaintiff also seeks declaratory relief.

Defendant had actual knowledge of Plaintiff's Trademarks at least as of when communications started regarding this dispute.

<u>Defendant's Statement:</u>

Metabyte touts itself as a "technology services and staffing company." It provides outsourced staffing for companies such as IBM, Cisco, Wells Fargo, Visa, and Microsoft.[1] Meta's core services, on the other hand, include various services that help people connect, find communities, and grow businesses, including social media platforms, and virtual reality technology.

Although Metabyte claims to have used the METABYTE mark since 1993, the only services that Metabyte has continuously offered since that time are technology consulting, staffing,

---

[1] https://www.metabyte.com/?section=partners.

and outsourcing services.  Its trademark registrations for the METABYTE word and design mark (shown below) *only* cover business consulting, technology consulting, and software development services.



Meta adopted the META name in October 2021 when it rebranded from "Facebook."  It then began using the META mark in connection with Meta's broad range of social technology goods and services.  Meta currently owns several registrations and pending applications for META and META-formative marks, including several intent-to-use applications that are referenced in the Amended Complaint [Dkt. 10].

Well after Meta changed its corporate name and began using the META mark, it appears Metabyte began positioning itself for a dispute with Meta.   For example, Metabyte added references to "virtual reality services" to its website – something that had not appeared on its website before May 2022, and a field in which Meta is actively involved.   Metabyte also filed new applications with the USPTO for additional goods and services, including virtual reality headsets, and Metabyte then added VR headsets to its website between May and June 2022.

Nearly two years after Meta's name change, Metabyte filed this lawsuit alleging trademark infringement and unfair competition under federal and state law. [Dkt. 1] In January 2024, Metabyte amended its Complaint, adding a cause of action seeking a declaratory judgment that Meta's META mark is "generic" and seeking invalidation of Meta's pending intent-to-use applications in Classes 35 and 42.  [Dkt. 10 at ¶¶ 53–55].

Metabyte's lawsuit is not based on "forward confusion" – that consumers looking for *Meta's* goods and services will mistakenly believe that Meta is Metabyte.  Nor does Metabyte allege that Meta adopted the META name to take advantage of Metabyte's reputation.  Instead, Metabyte's case is based solely on a theory of "reverse confusion."   [Dkt. 10 at 17 ("Meta has saturated the market with a mark that is similar to Metabyte, and is likely to create 'reverse

confusion,' in which the junior user's mark overwhelms that of the senior user.")].  Metabyte claims that – even though it uses a different name and offers distinct services – its customers (apparently, those looking for staffing services or other offerings) will believe that Metabyte is associated with Meta.   However, like Metabyte, there are many companies that have used and registered "Meta" as a prefix alongside other terms.  [Dkt. 10 at ¶ 35 (conceding that Metabyte coexists in the marketplace with many other META-formative marks – an indication that it recognizes that it does not have broad rights to enforce against META, alone.)  Further, Metabyte's services are geared towards sophisticated enterprise customers.  Is it implausible that potential consumers of Metabyte's services would do business with – or refrain from doing business with – Metabyte because they believe it is associated with Meta.  Indeed, with over two-plus years of coexistence, Metabyte has not articulated any harm or loss that it supposedly suffered due to "reverse confusion" with Meta.

As previewed above, if anything, Metabyte appears to have taken *affirmative* steps to capitalize on an association with Meta and its products.  *After* Meta announced that it was changing its corporate name to META, Metabyte filed applications for METABYTE for virtual reality products and services and made changes to its marketing and promotion to be closer to Meta's. For example, it made new, prominent references to the "metaverse" (an area for which Meta has launched several initiatives) and added new "VR" products to its website – well aware of Meta's ongoing virtual reality business, such as the Meta Quest line of VR products.

Metabyte's genericness claim, which it added in January, is also without merit.  Meta denies that the META mark is generic for "the broader software industry" and/or "broader internet industry" (as sparsely alleged by Metabyte).  As a practical matter, however, it is ***inconsistent*** for Metabyte to both allege that Meta's use of META is causing "reverse confusion" ***and*** that the mark is generic.  If Metabyte asserts Meta is "generic," it is arguing that the term is free for all to use, which contradicts its claim that Meta's use is the source of alleged "confusion" and "harm," and that Meta must stop using a name it has used for over two years.

Finally, Metabyte's declaratory relief claim [Dkt. 10 at ¶¶ 53–55] is improper for a separate reason. That claim seeks an order from this Court that Meta's intent-to-use applications in Classes 35 and 42 should be canceled. The Court does not have subject matter jurisdiction over that genericness claim because the Meta applications at issue are "intent to use" applications, and Metabyte's arguments pertain to descriptions of services in those trademark applications – ***not*** actual use of the META mark for each of the services described in the trademark filings. As such, to the extent Metabyte's arguments are focused on the registrability of Meta's intent-to-use trademark filings, those arguments are already directed to the Trademark Trial and Appeal Board ("TTAB"), the administrative tribunal for trademark matters at the U.S. Patent and Trademark Office ("USPTO") (Metabyte has filed administrative oppositions to Meta's pending trademark applications). Otherwise, Metabyte's request that the Court adjudicate that "Meta" is generic in Classes 35 and 42 is tantamount to an improper advisory opinion.

## C.    Motions

Neither Party has brought motions in this action to date. As the case proceeds, the Parties anticipate filing summary judgment motions, and, potentially, discovery motions.

## D.    Amendments to Pleadings

The Complaint has been amended once. *See* ECF No. 10. The Amended Complaint is the current, operative Complaint.

## E.    Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the action. The Parties have assured each other that they have taken and will continue to take all appropriate steps to preserve evidence for this case. The Parties will meet and confer should any issues arise regarding preservation.

**F.      Disclosures**

The Parties will have exchanged initial disclosures by the time of the Case Management Conference.   The Parties will supplement Initial Disclosures as necessary, as required by Rule 26(e).

**G.      Discovery**

**1.      Scope of Discovery**

The Parties agree that discovery is governed by the Federal Rules of Civil Procedure.

The Parties will meet and confer on any discovery disputes that may arise in an effort to resolve them without court intervention. The Parties agree to electronic service in all instances where such service is necessary.

**Subjects of Discovery (According to Plaintiff):**

The following is a non-exhaustive list of subjects about which Metabyte may seek discovery from Meta.  Metabyte reserves all rights to expand upon these subject areas as the case proceeds:

- Interactions between Plaintiff and Defendant, including admissions and allegations made by Metabyte.
- Defendant's use of the alleged META mark, including the goods and services in connection with which Defendant has used the alleged META mark over time, the geographic scope of such use, the channels through which such use is and has been made, and the first date(s) of such use.
- Defendant's customers.
- Defendant's marking and promotion of its alleged META mark and business, including changes to its marketing and promotion over time.
- Documents reflecting Defendant's sales of virtual reality products and services.
- Documents and communications relating to Defendant's decision to file trademark applications for META.

- Documents and communications relating to Defendant's decision to oppose registration of METABYTE with the USPTO for virtual reality products.
- The decision-making process to rename Facebook, Inc. to Meta Platforms, Inc.
- Defendant's discussions of how to name various goods and services using the word "Meta".
- Defendant's awareness of Plaintiff.

**Subjects of Discovery (According to Defendant):**

The following is a non-exhaustive list of subjects about which Meta may seek discovery from Metabyte. Meta reserves all rights to expand upon these subject areas as the case proceeds:

- Interactions between Plaintiff and Defendant, including admissions and allegations made by Metabyte.
- Plaintiff's use of the METABYTE mark, including the goods and services in connection with which Plaintiff has used the METABYTE mark over time, the geographic scope of such use, the channels through which such use is and has been made, and the first date(s) of such use.
- Plaintiff's customers.
- Plaintiff's marketing and promotion of its METABYTE mark and business, including changes to its marketing and promotion over time and after Meta adopted its name.
- Documents reflecting Metabyte's sales of virtual reality products and services.
- Documents and communications relating to Metabyte's decision to oppose Meta's trademark applications for META.
- Documents and communications relating to Metabyte's decision to register, and registration of, the METABYTE mark with the USPTO for virtual reality products.
- Examples of co-existence of Metabyte with other META and META-formative marks
- Meta's use of its mark on various products and services since 2021.
- Any alleged instances of actual confusion.

- Any alleged injury or harm (and lack thereof) suffered by Plaintiff from Meta's conduct alleged in the Amended Complaint.

**2.      Discovery Limits**

The Parties have met and conferred regarding the discovery limits set forth in the Federal Rules of Civil Procedure.  The Parties agree that the applicable limits shall apply to each side, as opposed to each party.

**3.      Production of Electronically Stored Information**

The Parties have met and conferred pursuant to Rule 26(f) and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties will continue to meet and confer on this topic in an attempt to come to agreement on a stipulated order regarding discovery and production of ESI to submit to the Court.

**4.      Protective Order**

The Parties have begun to discuss an appropriate protective order for confidential materials based on this Court's model orders and will work on a draft stipulated protective order to be entered by this Court.

**5.      Privilege**

The Parties will discuss whether a stipulated Privileged Materials Order under Rule 502(d) is needed and if so, will meet and confer further to determine the details if one is necessary.

**6.      Deposition Logistics**

As a general matter, the Parties do not object to in-person depositions where witnesses reside and where feasible, but believe the parties should meet and confer in good faith on a deposition-by-deposition basis in the event other logistics (*e.g.*, video depositions or other locations) may be more appropriate or convenient for a particular party or third-party depositions.

The Parties will meet and confer should any disputes arise as to the location of depositions and/or use of remote depositions.

7.    **Discovery Issues and Potential Disputes**

The Parties will meet and confer on any discovery disputes that may arise in an effort to resolve the disputes without court intervention.

The Parties agree to electronic service in all instances where service is necessary and will exchange service lists.

**H.    Relief**

Plaintiffs' Statement:

Plaintiff will accept the remedy proposed by the Court, including an injunction on Defendant from using the alleged trademark "Meta", in addition to damages such as disgorgement of profits that resulted from trademark infringement and unfair competition, and any legal fees the Court sees fit to award.

Defendant's Statement:

Meta denies that Plaintiff is entitled to any damages, permanent injunction, declaratory judgment, or other relief whatsoever. As noted, Meta's position is that the Court lacks subject matter jurisdiction under 15 U.S.C. § 1119 to declare that Meta's pending intent-to-use applications for the META trademark in Classes 35 and 42 are invalid. Absent Plaintiff's infringement claim, there is no "action involving a registered mark" such that the Court may determine Meta's right to registration of the META mark. Further, Plaintiff's request that the Court adjudicate that "Meta" is generic in Classes 35 and 42 is tantamount to an advisory opinion, which is improper. Meta believes it is premature to opine on methods of calculating potential damages. Meta will seek its fees and costs defending against Metabyte's unsuccessful claim, as allowed under the Lanham Act. Meta reserves all rights, claims, and defenses available to it under the law.

**I.    Consent to Magistrate Judge**

This case was originally assigned to this Court. The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**J.      Other References**

The Parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate.

The Parties agree that this case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**K.      Settlement and ADR**

The Parties have complied with ADR L-R 3.5.  The Parties have agreed to discuss settlement in the near term and with this Court at the upcoming Case Management Conference.

The Parties would be amenable to having the case referred to a magistrate judge for mediation.

**L.      Expedited Trial Procedures**

The Parties agree this case is inappropriate for the Expedited Trial Procedure of General Order 64.

**M.      Scheduling**

Plaintiffs' Position:

Metabyte respectfully proposes the following case schedule:

| Case Event | Proposed Date |
|---|---|
| Deadline for Plaintiffs to amend pleadings | April 1, 2024 |
| Close of fact discovery | Jan 31, 2025 |
| Expert disclosure (initial) | Feb 7, 2025 |
| Expert disclosure (rebuttal) | Feb 21, 2025 |
| Close of expert discovery | Mar 31, 2025 |
| Deadline for filing dispositive/summary judgment motion(s) | April 30, 2025 |
| Deadline for filing opposition brief(s) to dispositive/summary judgment motion(s) | May 15, 2025 |
| Deadline for filing reply brief(s) in support of dispositive/summary judgment motion(s) | June 1, 2025 |
| Hearing on dispositive/summary judgment motions | June 30, 2025 |
| Trial | August 15, 2025 |

Defendant's Position:

Meta respectfully proposes the following case schedule:

| Case Event | Proposed Date |
|---|---|
| Deadline for Plaintiffs to amend pleadings | April 1, 2024 |
| Close of fact discovery | February 14, 2025 |
| Expert disclosure (initial) | February 21, 2025 |
| Expert disclosure (rebuttal) | March 7, 2025 |
| Close of expert discovery | March 21, 2025 |
| Deadline for filing dispositive/summary judgment motion(s) | April 4, 2025 |
| Deadline for filing opposition brief(s) to dispositive/summary judgment motion(s) | May 2, 2025 |
| Deadline for filing reply brief(s) in support of dispositive/summary judgment motion(s) | May 16, 2025 |
| Hearing on dispositive/summary judgment motions | June 19, 2025 |
| Trial | August 15, 2025 |

**N.    Trial**

Plaintiffs have requested a trial by jury on all claims allowed.

**O.    Length of Trial**

The Parties believe trial will last four (4) trial days and propose that time be split evenly between Defendant and Plaintiff.

**P.    Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed its Certification of Interested Entities or Persons under Civil Local Rule 3-15. *See* ECF No. 18.

Defendant filed its Certification of Interested Entities or Persons under Civil Local Rule 3-15. *See* ECF No. 17.

**Q.    Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**R.      Other**

The Parties are not aware of other matters that may facilitate the resolution of this matter.


Dated: March 15, 2024                          MURTHY PATENT LAW INC.


                                               By: */s/ Karthik K. Murthy*
                                                   Karthik K. Murthy

                                               Attorneys for Plaintiff




Dated: March 15, 2024                          COOLEY LLP


                                               By: */s/ Bobby Ghajar*
                                                   Bobby Ghajar
                                                   Judd Lauter
                                                   Colette Ghazarian

                                               Attorneys for Defendant
                                               META PLATFORMS, INC.

<u>L.R. 5-1 SIGNATURE ATTESTATION</u>

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated:  March 15, 2024

*Karthik K. Murthy*