UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

METABYTE, INC,

    Plaintiff,

v.

META PLATFORMS, INC.,

    Defendant.

Case No. 23-cv-04862-VC   (RMI)

**ORDER**

Re: Dkt. No. 33

Now pending before the court is a jointly-filed letter brief setting forth a very large number of discovery disputes. Many aspects of the letter brief are indicative of inadequate meet-and-confer efforts. Also, the generalized manner in which Plaintiff has responded to Defendant's numerous requests to compel discovery has made it difficult for the court to properly gauge the merits of each disputed item of discovery. In other words, while Defendant contends – in some detail – that Plaintiff has largely attempted to avoid discovery altogether (*see* Ltr. Br. (dkt. 33) at 1-4), Plaintiff's responses assert – in very general terms – that the documents and information sought by Defendant either do not exist or are irrelevant (*see id*. at 4-7).

As to the disconnect between the Parties' positions – by way of example, regarding the various documents and information that Plaintiff states do not exist (related to a large number of individual requests for production), Defendant argues that the reason that Plaintiff asserts that much of the requested information does not exist is that Plaintiff's "document collection is apparently being run by its CEO, Mr. Mehta without enough involvement or oversight by counsel [and] during meet and confer calls, [Plaintiff's] counsel had little idea how [Plaintiff] searched [for] or collected documents and told [Defense Counsel that] nobody but the CEO was

interviewed." *Id*. at 2. Plaintiff disputes this and submits that "[u]pon hearing the concerns of Defendant's attorneys during meet and confer calls, [Plaintiff's] counsel went back and interviewed multiple employees . . . not just the CEO, and verified that production had been thorough and complete." *Id*. at 5. Another example is manifest in Defendant's complaints about Plaintiff's reportedly boilerplate or improper objections (also related to numerous requests for production and interrogatories), to which Plaintiff has responded – again, generally – that various broad categories of information (such as financial information) are irrelevant. *See id*. at 5. For these reasons, the letter brief does not reflect that the Parties have worked together in good faith to resolve or, at least, to narrow their disputes. Indeed, it cannot even be stated that the disputes are effectively briefed.

Accordingly, the Parties are **ORDERED** to promptly engage one another in a *meaningful* manner such as to resolve or at least *substantially* narrow the disputes. It appears to the court that most of the disputes can be resolved without court intervention. However, in the event that a smaller subset of the disputes ultimately requires court intervention, the Parties are **FURTHER ORDERED** to prepare and file another joint-letter brief no later than 12:00 p.m. on Friday, November 15, 2024. In any subsequently-filed letter brief, the Parties shall hone their arguments such as to focus on the merits of *specifically-identified* discovery requests where each Party clearly explains its respective position as to that document or information (*i.e.*, where Defendant clearly explains why it is entitled to the information, and Plaintiff clearly explains the basis for its objection). Furthermore, if there are to be any disputes about information or documents that Plaintiff contends do not exist, the Parties' arguments should be more properly developed than is currently the case (*i.e.*, Plaintiff shall set forth some detail as to how it has searched for the requested information and Defendant shall set forth some basis for its argument as to why that search was inadequate along with a suggestion as to how that inadequacy might be remedied).

**IT IS SO ORDERED.**

Dated: November 7, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

2