Karthik Krishna Murthy
MURTHY PATENT LAW INC.
3984 Washington Blvd.
Suite 324
Fremont, CA 94538
Email:         K@MurthyPatentLaw.com
Telephone:     425-968-5342

*Attorneys for Plaintiff
Metabyte, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METABYTE, INC., <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No.: 3:23-04862-VC <br><br> **METABYTE INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT OF META PLATFORMS, INC.'S LACHES AFFIRMATIVE DEFENSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Hearing Date: August 7, 2025 <br> Time:          10:00 a.m. <br> Crtrm:         04, 17th Floor <br> Judge:         Honorable Vince Chhabria |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 7, 2025, at 10:00 a.m., or on another date determined by the Court, in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff Metabyte, Inc. will and does move the Court for an order granting partial summary judgment of Meta Platforms, Inc.'s laches affirmative defense. The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings, papers, and entire record, oral argument in this matter, and upon such other matters as may be presented to the Court at or before the hearing on this Motion.

1  Dated: June 20, 2025

Respectfully submitted,

MURTHY PATENT LAW INC.

*/s/ Karthik Krishna Murthy*
Karthik Krishna Murthy

Attorneys for Plaintiff
Metabyte, Inc.

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

III. SUMMARY JUDGMENT STANDARD ....................................................................... 2

IV. LEGAL DISCUSSION ................................................................................................... 3

    A.   Metabyte Did Not Unreasonably Delay in Filing Suit ......................................... 3

    B.   The Alleged Delay Caused No Reliance or Evidentiary Prejudice ..................... 5

        1.   The Alleged "Delay" Caused No Expectations-Based Prejudice ............... 5

        2.   The Alleged Delay Caused No Evidentiary Prejudice. ............................... 6

V. CONCLUSION ................................................................................................................ 7

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*adidas-Am., Inc. v. Payless Shoesource, Inc.*,
  546 F. Supp. 2d 1029 (D. Or. 2008) ............................................................................. 3, 4

*Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc.*,
  603 F.3d 1133 (9th Cir. 2010) ...................................................................................... 3, 5

*Bauer Bros., LLC v. Nike, Inc.*,
  159 F. Supp. 3d 1202 (S.D. Cal. 2016) ............................................................................. 5

*Brookfield Commc'ns., Inc. v. W. Coast Entm't Corp.*,
  174 F.3d 1036 (9th Cir. 1999) ............................................................................................ 3

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ........................................................................................................... 2

*Danjaq LLC v. Sony Corp.*,
  263 F.3d 942 (9th Cir. 2001) ............................................................................................. 6

*E. & J. Gallo Winery v. Pasatiempos Gallo, S.A.*,
  905 F. Supp. 1403 (E.D.Cal.1994) ................................................................................... 3

*Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*,
  880 F.3d 1109 (9th Cir. 2018) .................................................................................. 4, 5, 6

*Evergreen Safety Council v. RSA Network Inc.*,
  697 F.3d 1221 (9th Cir. 2012) ....................................................................................... 5, 6

*Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*,
  736 F.3d 1239 (9th Cir. 2013) ............................................................................................ 4

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*,
  559 F.3d 985 (9th Cir. 2009) ........................................................................................ 3, 4

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
  304 F.3d 829 (9th Cir. 2002) ............................................................................................. 3

*Keenan v. Allan*,
  91 F.3d 1275 (9th Cir. 1996) ............................................................................................. 2

*Kling v. Hallmark Cards Inc.*,
  225 F.3d 1030 (9th Cir. 2000) ............................................................................................ 6

*Moa Moa, Inc. v. New Moa Collection*,
  No. 18-6110-MWF (JCx), 2019 WL 8112468 (C.D. Cal. Aug. 30, 2019) ....................... 3, 5

*Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*,
  894 F.3d 1015 (9th Cir. 2018) ....................................................................................... 4, 5

*Richards v. Combined Ins. Co. of Am.*,
  55 F.3d 247 (7th Cir. 1995) ............................................................................................... 2

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*,
  621 F.3d 981 (9th Cir. 2010) ................................................................................................ 6

*Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*,
  465 F.3d 1102 (9th Cir. 2006) .............................................................................................. 4

**Rules**

Fed. R. Civ. P. 56(e) ................................................................................................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Meta Platforms, Inc. ("Meta") rebranded in October 2021, consolidating under one central brand all of its well-known social media platforms including Facebook, Instagram, Messenger and WhatsApp. Meta well knew that its rebrand would cause great concern in third parties like Metabyte, Inc., which owned META-formative marks and had used them for years.  \

Meta proceeded anyway.  When it encountered inevitable resistance, it did not stop investing in its new brand, either litigating, leveraging varied degrees of aggressive tactics, or paying varied sums of money to prior trademark owners.  At no time did Meta veer from its predestined goal to rebrand as META.

Now, Meta tries to excuse the confusion its rebrand has caused with Metabyte's trademark by asserting that Metabyte delayed too long in filing suit.  There was no delay.  Metabyte notified Meta promptly of its concerns only to be strung along for a year and a half by Meta.  Still, Meta says, if only Metabyte had sued for infringement earlier instead of discussing settlement, Meta would have redirected the hundreds of millions of dollars it spent marketing the META brand toward another brand.  This, of course, is nonsense and summary judgment of this laches defense (third affirmative defense) must be granted.

## II. FACTUAL BACKGROUND

The undisputed facts related to this motion are simple.  After it decided to rebrand as META, but before it announced, Meta knew there were prior trademark owners using META or META-formatives in their marks.  Murthy Decl. ¶¶ 2-4; Exs. 7, 8.  Meta set its rebranding strategy in May 2021 and never looked back, no matter what it learned subsequently about others' rights.  *Id*.  It resolved just one of the many inevitable objections by paying $60 million so that MetaBank would change its name; refusing to disclose others.  Murthy Decl ¶¶ 8, 9.

For its part, Metabyte objected right away.  Meta announced its rebrand on October 28, 2021. Dkt. 11 (Third Affirmative Defense at 10).  Metabyte, after learning how Meta planned to use the brand and the emphasis that Meta put on the META trademark in its branding and advertising, and consulting

counsel, raised its objections on March 16, 2022.  Mehta Decl. ¶¶ 7-8; Ex. 1.  By March 22, 2022, Meta had engaged outside counsel and was "looking into" Metabyte's claims.  *Id*. at ¶ 9; Ex. 3.

What ensued between Metabyte and Meta is spelled out in detail in the accompanying Mehta Declaration.  The evidence shows fruitless but undeniably sincere efforts by Metabyte to engage Meta in a dialogue about its concerns, about Meta's trademark applications, and about settlement.  Metabyte approached Meta through its CEO and its outside counsel.  It communicated extensively with inside and outside Meta counsel.  It responded to endless requests by Meta to supply information to consider in formulating Meta's settlement position.  At all times it explicitly reserved its rights to sue if settlement discussions were not successful.  Mehta Decl. ¶¶ 10-40 & Exs. 2 - 6.

In hindsight, Meta was simply giving Metabyte the runaround.  Within a few days after this became clear, Metabyte sued.  Mehta Decl. ¶¶ 39-41.

## III.  SUMMARY JUDGMENT STANDARD

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  But in a case where the non-moving party bears the burden of proof at trial, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

Once the moving party identifies the basis for its motion through the pleadings and evidence, the non-moving party that bears the burden at trial (true of a defendant asserting laches) must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact").  If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

## IV.   LEGAL DISCUSSION

"Laches … embodies the principle that a plaintiff cannot sit on the knowledge that another company is using its trademark, and then later come forward and seek to enforce its rights." *Moa Moa, Inc. v, New Moa Collection*, No. CV 18-6110-MWF (JCx), 2019 WL 8112468, at *9 (C.D. Cal. Aug. 30, 2019) (quoting *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002)); *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 989 (9th Cir. 2009).  Laches "is a disfavored defense in trademark cases, *E. & J. Gallo Winery v. Pasatiempos Gallo, S.A.*, 905 F. Supp. 1403, 1414 (E.D.Cal.1994), and available 'only where the trademark holder knowingly allowed the infringing mark to be used without objection for a lengthy period of time.'" *adidas-Am., Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1069 (D. Or. 2008) (quoting *Brookfield Commc'ns., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1061 (9th Cir. 1999)).  Laches is an equitable defense and therefore must be determined by the Court, not a jury.  *Id.*

Laches is an affirmative defense and Meta bears the burden to establish that it bars Metabyte's claims.  "[T]he party asserting laches … must show that (1) [plaintiff's] delay in filing suit was unreasonable, and (2) [defendant] would suffer prejudice caused by the delay if the suit were to continue."  *Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc.*, 603 F.3d 1133, 1139-40 (9th Cir. 2010) (quoting *Jarrow Formulas*, 304 F.3d at 838).

Meta cannot meet this burden as to any, much less all, elements of laches.  Once it became aware how Meta planned to use the META brand, Metabyte raised its concern with Meta without delay and was greeted with predictable indifference.  The parties spent time discussing settlement and, when discussions (protracted by Meta's delays and requests for information) broke down, Metabyte prepared and filed suit a few days later.  There is no basis for inferring that Meta – had Metabyte filed its lawsuit earlier – would have done anything differently at all.  Meta knew when it adopted its mark that it would be fielding complaints from prior trademark owners of META-formative marks.  It thumbed its nose at them (or paid them off with large sums of money) whether they filed suit or not.

### A.   Metabyte Did Not Unreasonably Delay in Filing Suit

Meta alleges: "Plaintiff was on actual and/or constructive notice of Meta's adoption and use of the META trademark by October 28, 2021."  Dkt. 11 (Third Affirmative Defense at 10).  This is true

(though it was not exactly clear right away how Meta would use its META brand). Meta, of course, knew its own plans earlier and had received reports about all the prior owners of META and META-formative trademarks and registrations, including Metabyte. Murthy Decl. Ex. 8. It also is true that Metabyte complained to Meta about its infringement about 4 and a half months later. Mehta Decl. ¶ 7.

To determine whether the plaintiff's alleged delay is long enough to be unreasonable, the Court looks first to the statute of limitations. Because the Lanham Act does not contain a statute of limitations, courts use the analogous state statute of limitations, which is four years in California. *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018). The limitations period begins when the plaintiff knew or should have known of its potential cause of action. *See Internet Specialties*, 559 F.3d at 990. If a plaintiff files within the statute of limitations, there is a "strong presumption" against a finding of laches. *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1246-47 (9th Cir. 2013); *Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n,* 465 F.3d 1102, 1008 (9th Cir. 2006).

Most of the interval between Metabyte learning about Meta's infringement and filing suit does not count toward laches. The parties discussed settlement for approximately eighteen months. Mehta Decl. ¶¶ -40; Exs. 2-6. It is fundamental that efforts to resolve a matter do not count toward any "unreasonable" delay. *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc*., 880 F.3d 1109, 1118-1119 (9th Cir. 2018) ("[R]easonable time consumed in objecting to the use and awaiting the defendant's response will not contribute to a finding of laches") (citation omitted). This rule only makes sense; if a defendant were allowed to avoid legal challenges altogether by stringing along their adversaries and benefiting from its own delay, plaintiffs would have to start litigation immediately – even if settlement discussions might be productive – to avoid risking their claims.

Here, Metabyte approached Meta from a variety of angles and had multiple discussions about Metabyte's claims and potential settlement. Mehta Decl. ¶¶ 7-40. Metabyte discussed the nature of its business and explained why the marks were likely to be confused. Id. at ¶¶ 7, 12, 18, 20, 27. At no meaningful interval did Meta have any reason to believe it could develop its mark "without objection" from Metabyte. *See adidas-Am.*, 546 F. Supp. 2d at 1069. When settlement discussions broke off, Metabyte filed suit. Mehta Decl. ¶ 41.

All in, accordingly, the so-called "delay" occupied less than five months which were occupied by Metabyte's need to digest what Facebook's rebrand meant for Metabyte. During this time, Metabyte had to decide whether to approach one of the world's largest corporations about a legal challenge, consult with counsel, and evaluate the scope of Meta's rebranding. Mehta Decl. ¶¶ 4-6. This type of delay is not long enough to support laches or overcome the strong presumption against laches. *Moa Moa,* 2019 WL 8112468, at *10 (finding that laches did not bar a suit where the plaintiff waited less than one year before filing its action); *Bauer Bros., LLC v. Nike, Inc.*, 159 F. Supp. 3d 1202, 1216-17 (S.D. Cal. 2016) (no laches when the plaintiff waited three and a half years before filing its action); *Au-Tomotive Gold*, 603 F.3d at 1140 (because the plaintiff filed suit within the statute of limitations, the claim was not barred by laches).

### B. The Alleged Delay Caused No Reliance or Evidentiary Prejudice

Because there is a strong presumption against laches based on Metabyte's prompt filing of this action well within the statute of limitations, it is correspondingly unlikely that Meta has suffered any prejudice of the type meant to be shielded by laches. "Prejudice is an essential element of a laches defense." *Moa Moa*, 2019 WL 8112468, at *12 (citation omitted). "Even where a defendant establishes that a plaintiff delayed unreasonably in filing suit, laches will not bar a claim unless that delay prejudiced the defendant." *Eat Right*, 880 F. 3d at 1119. The court "must weigh the plaintiff's delay and the resulting prejudice to the defendant to determine whether and to what extent laches bars the requested relief." *Pinkette Clothing*, 894 F.3d at 1027. Beyond failing to show an unreasonable delay, Meta cannot show it suffered any cognizable prejudice.

Two types of prejudice may give rise to laches. Expectations-based prejudice occurs when "a defendant 'took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly.'" *Eat Right*, 880 F.3d at 1119 (quoting *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1227 (9th Cir. 2012)). Evidentiary prejudice occurs when the passage of time causes important evidence to go missing. Neither type occurred here.

#### 1. The Alleged "Delay" Caused No Expectations-Based Prejudice

The analysis of expectations-based prejudice must include only those actions or consequences that occurred during the plaintiff's alleged delay in bringing suit, "not all the actions it took in relation to

the use of a mark." *Id*. at 1119-20. ("[O]nly expenditures made after a plaintiff 'knew or should have known about the potential claim' will support a finding of expectations-based prejudice." *Id*. (citing *Kling v. Hallmark Cards Inc*., 225 F.3d 1030, 1036 (9th Cir. 2000)). The course Meta charted was pre-determined long before Metabyte had any idea that Meta was about to sweep its mark into oblivion by monopolizing the word META for itself. "Establishing undue prejudice requires that the defendant show 'at least some reliance on the absence of a lawsuit.'" *Id*. at 1119 (quoting *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010)).

Meta never gave a meta-second's thought about Metabyte, its trademark infringement claims or the timing of its lawsuit. Meta's allegations that its investments in the META mark were based on its assumption that no lawsuit was forthcoming from Metabyte are comical. Meta suffered no consequences because of any delay and continued to invest in its brand just as it always planned to do. Meta did not change its rebranding or marketing plans for META after it became aware of Metabyte's objection to its infringement and simply proceeded. It did the same despite facing earlier lawsuits and expensive challenges from others. Murthy Decl. ¶¶ 3-4, 6-7. There is no basis for any claim that Meta incurred a dime of new expenditures in reliance on the absence of Metabyte's lawsuit, or any reason why Meta could assume a lawsuit would not be forthcoming once it stopped stringing Metabyte along in settlement discussions. Meta simply did not "[take] actions or suffer[] consequences that it would not have" had Metabyte filed suit even more promptly. *See Eat Right,* 880 F.3d at 1119.

### 2. The Alleged Delay Caused No Evidentiary Prejudice.

"Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died." *Danjaq LLC v. Sony Corp*., 263 F.3d 942, 955 (9th Cir. 2001). There is no evidence that any evidence was lost at all during the alleged period of delay. To the contrary, Metabyte undisputedly has been able to show its use of the mark going back many years and has retained all relevant evidence. Mehta Decl. ¶ 2 and 42. Meta must not have lost any evidence as it has been engaged in trademark litigation since its rebranding and presumably is operating under an ongoing litigation hold.

## V. CONCLUSION

Metabyte did not delay unreasonably in filing suit and the passage of time did not cause Meta to change course at all. The laches defense must be dismissed.

Dated: June 20, 2025

Respectfully submitted,

MURTHY PATENT LAW INC.

*/s/ Karthik Krishna Murthy*
Karthik Krishna Murthy

Attorneys for Plaintiff
Metabyte, Inc.