UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METABYTE, INC, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 23-cv-04862-VC <br><br> **ORDER GRANTING META'S MOTION FOR SUMMARY JUDGMENT; DENYING METABYTE'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 75, 79, 93, 97, 102 |

Meta's motion for summary judgment is granted. It is not a close call. This ruling assumes the reader is familiar with the applicable legal standard and with the arguments and evidence presented by the parties.

Metabyte has not shown a genuine issue of material fact as to the likelihood of reverse confusion. As discussed at the hearing, the Court is of the view that confusion on the part of the people who seek employment through Metabyte's staffing service, and not just the employers who pay for the service, could be relevant in this specific factual context. But Metabyte has presented virtually no evidence of confusion on the part of prospective employees, and no evidence at all that any such confusion had any effect on Metabyte's business. Even if the survey by Metabyte's expert could possibly be considered representative of how real-world actors considering doing business with Metabyte perceived Metabyte's trademark (and this would require ignoring several obvious flaws in the survey methodology), it does not follow that Metabyte was harmed. There is no evidence that any prospective employee declined to work with Metabyte based on the alleged confusion. There is no survey evidence that prospective

employees would be less likely (as opposed to more likely or equally likely) to join Metabyte if they thought it was affiliated with Meta. And there is no evidence from which a jury could find damages: Metabyte asserted that its declining revenues show that it suffered harm from the alleged trademark confusion, but this assertion is belied by the fact that Metabyte's revenues started declining well before Meta's rebrand and by the lack of any other evidence that would allow a reasonable jury to find that Metabyte was harmed by Meta's rebrand.

Metabyte's genericness claim also fails as a matter of law. The term "Meta" does not describe a type of product being sold. Moreover, the fact that Meta has successfully filed many federal trademark applications without the PTO ever refusing registration on the grounds of genericness strongly suggests that a reasonable jury could not find that "Meta" is an unprotectable generic term.

Because the grant of summary judgment in Meta's favor renders Meta's laches defense moot, Metabyte's motion for partial summary judgment on the laches defense is denied.

The sealing requests summarized at Dkt. No. 102-1 are granted.

**IT IS SO ORDERED.**

Dated: August 15, 2025

_____
VINCE CHHABRIA
United States District Judge