KARTHIK K. MURTHY – State Bar No. 343960
K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 Washington Blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

Attorneys for Plaintiff, Metabyte, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| METABYTE, INC.<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-04862-VC<br><br>**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF METABYTE, INC. AND TO CONTINUE NOVEMBER 6, 2025, HEARING**<br><br>Hearing Date: November 6, 2025<br>Time: 10:00 a.m.<br>Judge: Vince Chhabria<br>Location: 450 Golden Gate Avenue, San Francisco, CA 94102 |

### I.    INTRODUCTION

Karthik Murthy of Murthy Patent Law, Inc. ("Murthy") hereby and does move the Court for an order granting Murthy's motion to withdraw as counsel of record for Plaintiff Metabyte, Inc on the grounds that there has been a breakdown in the attorney-client relationship such that withdrawal is necessary.

### II.    REQUEST TO CONTINUE NOVEMBER 6, 2025, HEARING DATE

On August 8, 2025, the Court granted Defendant's motion for summary judgement. On September 26, 2025, Defendant filed a motion for attorney's fees in which it moved for an order finding that this case is an "exceptional case" and awarding Meta its reasonable attorneys' fees and expert fees for which Metabyte and its Counsel are jointly and severally liable. A hearing has been set for November 6, 2025. As Murthy cannot represent Plaintiff in a hearing where there exists a conflict of interest, Murthy

1  respectfully requests that the hearing on the motion for attorneys' fees currently scheduled for November 6, 2025, be continued to allow time for the proper handling of the withdrawal process and for the Plaintiff to secure new counsel.

### III. LEGAL ARGUMENT

Under Northern District of California Civil Local Rules 11-5, Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case. Civil L.R. 11-5(a).

When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition. Civil L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct)*. Under these rules, withdrawal is mandatory where the attorney "knows or reasonably should know that the representation *will result in violation* of these rules [CRPC] or the State Bar Act." CRPC 1.16(a)(2). Withdrawal is permitted where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." CRPC 1.16(b)(4). The breakdown in the attorney-client relationship is ground for allowing the attorney to withdraw. (*Estate of Falco v. Decker* (1987) 188 CA3d 1004, 1014.)

Here, the motion for attorneys' fees, by virtue of the relief it seeks, creates a potential conflict of interest between the lawyer and client. In addition, subsequent developments, which include confidential facts, have resulted in a breakdown in attorney-client relationship. Without waiving client confidences, irreconcilable differences have arisen, making it unreasonably difficult for counsel to continue to represent the client effectively. *See Page v. Stanley*, No. 2:11–cv–02255–CAS(SSx), 2014 WL 2472248 (C.D. Cal. June 2, 2014) (finding withdrawal appropriate where counsel asserted "a breakdown in attorney-client communications" and that it had become "unreasonably difficult" to continue to represent the client); *Manfredi & Levine v. Superior Court*, 66 Cal. App. 4th 1128, 1135 (1998) (a conflict of

interest is present when "there has been an irreparable breakdown of the working relationship between counsel and client"). Given these circumstances, continuing the representation would violate the California Rules of Professional Conduct, as the client's actions have made it unreasonably difficult for counsel to carry out the representation in a competent and effective manner. In light of this conflict, counsel has acted reasonably by requesting a continuance of the hearing set for November 6, as there are no other imminent deadlines that would be adversely affected by such a delay.

## IV. CONCLUSION

For the foregoing reasons, Murthy requests to be relieved as counsel of record for Plaintiff and for the November 6, 2025, hearing on Defendant's motion for attorneys' fees to be continued.

Dated: October 26, 2025          **MURTHY PATENT LAW INC.**

By: */s/ Karthik K. Murthy*
Karthik K. Murthy
K@MurthyPatentLaw.com
3984 Washington Blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*
Metabyte, Inc.